1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10   JOHN AUBRY TURNER,              |   CASE NO. 3:14-cv-1966-GPC-NLS

11                    Petitioner,    |   **ORDER:**

12                                   |   **(1) DENYING PETITIONER'S
                                         MOTION TO FILE**
13                                       **SUPPLEMENTAL EVIDENCE;**

14                                   |   **[ECF No. 27]**

15        v.                        |   **(2) DENYING PETITIONER'S
                                         MOTION FOR TEMPORARY**
16                                       **RESTRAINING ORDER AND/OR
                                         PRELIMINARY INJUNCTION;**
17
18                                   |   **[ECF No. 24]**

19                                   |   **(3) OVERRULING PETITIONER'S
                                         OBJECTIONS;**
20                                   |   **[ECF No. 26]**

21   KIM HOLLAND, Warden, California |   **(4) ADOPTING MAGISTRATE
     Correctional Institute,            JUDGE STORMES'S REPORT**
22                                       **AND RECOMMENDATION;**
                     Respondent.
23                                   |   **[ECF No. 25]**

24                                   |   **(5) GRANTING RESPONDENT'S
                                         MOTION TO DISMISS**
25
26                                   |   **[ECF No. 7]**

27                         **I. INTRODUCTION**

28        Petitioner John Aubry Turner ("Petitioner") proceeds pro se in this habeas corpus

matter pursuant to 28 U.S.C. § 2254. On October 3, 2014, Respondent Kim Holland ("Respondent") filed a Motion to Dismiss. (ECF No. 7.) On December 19, 2014, Petitioner filed a Motion for Temporary Restraining Order and/or Preliminary Injunction. (ECF No. 24.) On January 21, 2015, Magistrate Judge Nita L. Stormes issued a Report and Recommendation ("R&R") recommending that this Court grant Respondent's Motion to Dismiss. (ECF No. 25.) On February 5, 2015, Petitioner filed objections to the R&R. (ECF No. 26.) On April 2, 2015, Petitioner filed a Motion to File Supplemental Evidence. (ECF No. 27.)

Nothing in petitioner's alleged supplemental evidence is new evidence. First, petitioner has created anagrams based on the names of judges and law enforcement officers. (*See* ECF No. 27.) That is not evidence and therefore the Court does not consider it. Additionally, based on the dates on the documents cited by Petitioner, all of the alleged evidence was available prior to the objection filing deadline issued by Magistrate Judge Stormes and Petitioner has failed to show good cause for presenting this alleged evidence prior to that deadline. Accordingly, the Court DENIES Plaintiff's motion to file supplemental evidence. After a review of the R&R, briefs, evidence, and applicable law, the Court: (1) DENIES Petitioner's motion for injunctive relief, (2) OVERRULES Petitioner's objections, (3) ADOPTS the R&R, and (4) GRANTS Respondent's motion to dismiss.

## II. LEGAL STANDARD

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* When the parties do not object, a district court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974); *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal.

2001).

## III. DISCUSSION

### A. Injunctive Relief

As an initial matter, it is unclear whether injunctive relief is available to a petitioner proceeding under § 2254. *See Adame v. Salazar*, No. 08-cv-2844-JFW-RZ, 2008 WL 2019599, (C.D. Cal. May 6, 2008); *see also Case v. Miller-Stout*, No. 12-cv-0187-MJP-MAT, 2013 WL 104835 (W.D. Wash. Jan. 7, 2013). Even if injunctive relief were available, Petitioner has failed to establish that he meets the four necessary elements required to obtain such relief. *See M.R. v. Dreyfus*, 663 F.3d 1100, 1108 (9th Cir. 2011) ("A preliminary injunction is proper if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest.") (citation omitted). The alleged evidentiary basis of Petitioner's motion is that he has uncovered meanings secretly encoded in certain names, words, and phrases. (*See* ECF No. 24.) However, the fact that these names and phrases can be rearranged into other names and phrases is not evidence. Therefore the Court finds that Petitioner has failed to show any of the four elements required to obtain a temporary restraining order or permanent injunction. *See Dreyfus*, 663 F.3d at 1108. Accordingly, the Court DENIES Petitioner's motion for injunctive relief.

### B. Report and Recommendation

#### 1. Objections

Petitioner makes seven objections to the R&R: (1) the California Supreme Court found that his state habeas petition was timely; (2) if a state habeas petition is filed within the 1 year statute of limitations period, it is timely; (3) he is "entitled to statutory tolling while the motion to recall remittitur was properly filed and being considered (29 days)"; (4) "gap" tolling is inapplicable; (5) that "Petitioner was targeted and attacked daily by directed-energy weapons between October 2012 and January 28, 2014" that "leave no visible forensic evidence"; (6) that the State has engaged "in an ongoing

campaign to worsen Petitioner's legal plight through intentional and coordinated effort to force a procedural default"; and (7) that an evidentiary hearing should be held to investigate the legitimacy of the state court documents. (ECF No. 26, at 5–14.)

With regards to Petitioner's fifth, sixth, and seventh objections, the Court does not find that there is any evidentiary basis for them. There is no evidence to support that the alleged weapons were used against Petitioner, that the State of California has attempted to "force" a procedural default, or that the state court documents are somehow inauthentic. Additionally, the Court again notes that much of Petitioner's alleged evidence is not actually evidence. (*See* ECF No. 22 (Petitioner refers to "intentional anagrams, covert messages . . . delivered through titles, positions and names within official court documents . . . .").) With regards to Petitioner's fourth objection, the Court notes that the R&R does not rely on "gap" tolling, *see Gaston v. Palmer*, 417 F.3d 1030 (9th Cir. 2005), and thus it is unclear what the basis for Petitioner's objection is. With regards to Petitioner's second objection, the R&R does not dispute that a state habeas petition filed within one year it is timely. The R&R specifically finds, however, that it was not filed within one year, (ECF No. 25, at 6), and thus it is again unclear what the basis for Petitioner's objection is. Accordingly, the Court OVERRULES Petitioner's second, fourth, fifth, sixth, and seventh objections. The Court now turns to Petitioner's remaining objections: (1) that his state habeas petition was timely, and (2) that he is entitled to tolling during the pendency of his motion to recall a remittitur.

First, to argue that his state petition was timely, Petitioner relies on *In re Robbins*, 959 P.2d 311 (Cal. 1998). (ECF No. 26, at 5–6.) In *Robbins*, the California Supreme Court stated that "when respondent asserts that a particular claim or subclaim . . . is untimely" and the California Supreme Court's "order disposing of a habeas petition does not impose the proposed bar or bars to that claim or subclaim, this signifies that we have considered respondent's assertion and have determined that the claim or subclaim is not barred on the cited ground or grounds." 959 P.2d at 340 n.34.

However, for the California Supreme Court to make this determination the respondent *in the state habeas case* must assert it. That the respondent in the subsequent federal habeas petition makes this argument does not affect the California Supreme Court's determination. As the respondent in the state habeas case did not make any arguments, let alone argue that it was untimely, (*see* ECF No. 8-19), the Court finds that the California Supreme Court did not consider whether the state habeas petition was timely and thus did not find that it was or was not timely. Accordingly, the Court OVERRULES Petitioner's objection on this ground.

Second, Petitioner argues that his motion to recall a remittitur was part of collateral review and that tolling of 29 days is applicable under *Wall v. Kholi*, 562 U.S. 545 (2011). (ECF No. 26, at 7–8.) The R&R distinguished between two types of motions to recall a remittitur: (1) where it acts as a habeas petition, or (2) where it attempts to reinstate the direct appeal. (ECF No. 25, at 8.) Based on this distinction, the R&R found that Petitioner's motion to recall a remittitur was an attempt to reinstate a direct appeal because Petitioner "argued that these difficulties excused his failure to perfect his appeal." (*Id.*) Petitoner responds that both he and Respondent "concede[] that the motion to recall was not a part of the direct review process." (ECF No. 26, at 8.) However, merely because both parties argue something does not necessarily make it true. Moreover, the R&R's finding that Petitioner's direct review in state court concluded on March 4, 2013, is not inconsistent with the R&R's determination that the motion to recall filed October 1, 2013, was part of the direct review process. (*Id.* at 3, 6, 8.) The R&R determined that the motion to recall was an attempt to *reinstate* the direct appeal, meaning that direct appeal had already concluded. (*See id.* at 8.) The R&R further considered the affect of the motion to recall on the statute of limitations.

The Ninth Circuit's unpublished decision in *Williams v. Harrison* noted that there are two ways that a motion to recall can affect the statute of limitations: (1) by reinstating the direct appeal and thus changing the date that the conviction became final, or (2) acting as a state habeas petition and thereby tolling the statute of

limitations for federal habeas petitions. 368 F. App'x 764, 765 (9th Cir. 2010). However, where a motion to recall attempts to reinstate the direct appeal but its claims "do not rise to the level of claims of 'judicial error of constitutional dimension warranting relief by habeas corpus,'" (ECF No. 25, at 8 (quoting *In re Gray*, 102 Cal. Rptr. 3d 551, 557 (Cal. Ct. App. 2009)), there is no affect on the statute of limitations because the direct appeal has not been reinstated and the motion to recall is not treated as a state habeas petition. *See People v. Mutch*, 482 P.2d 633, 638 (Cal. 1971). *Mutch* specifically applies to situations where the motion to recall should be granted because "the error is of such dimensions as to entitle the defendant to a writ of habeas corpus" which would normally result in the California Supreme Court "retransfer[ing] the proceeding to the Court of Appeal with directions to recall its remittitur and reinstate the appeal for the limited purpose of ruling on the merits of defendant's claim." *Id.* In contrast to *Mutch*, Petitioner's claim in the motion to recall that he was unable "to retain private counsel and affidavits regarding the transcript discrepancies . . . prior to the dismissal of the appeal," (ECF No. 20-1, at 1–3), does not rise to the level of a claim of judicial error that warrants habeas relief. *See Gray*, 102 Cal. Rptr. 3d at 557. Accordingly, the Court OVERRULES Petitioner's objection on this ground.

Having considered and overruled all of Petitioner's objections and having found that Magistrate Judge Stormes's objected findings of fact are consistent with the evidentiary record, the Court now adopts Magistrate Judge Stormes's remaining findings of fact and turns to the R&R's legal analysis.

**2. Analysis**

The AEDPA contains a one year statute of limitations for federal habeas petitions of state court convictions. 28 U.S.C. § 2244(d)(1). The statute of limitations runs from the conclusion of direct review in state court, but is tolled during the time during which a properly filed application for state collateral review is pending. *Id.* § 2244(d)(1)(A), (d)(2). Magistrate Judge Stormes found that Petitioner's conclusion of direct review was on "March 4, 2013, 40 days after the Court of Appeal denied his

appeal on January 23, 2013." (ECF No. 25, at 5.) Magistrate Judge Stormes then found that, although Petitioner had filed a state habeas petition on March 10, 2014, this petition was untimely and thus did not toll the AEDPA's one year statute of limitations. (ECF No. 25, at 6–13); *see also Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Finally, Magistrate Judge Stormes found that, because neither statutory nor equitable tolling applied, Petitioner's federal habeas petition was untimely because it was filed "on August 11, 2014, more than five months after the statute of limitations expired on March 4, 2014." (ECF No. 25, at 9–13.) Based on this, Magistrate Judge Stormes recommends granting Respondent's motion to dismiss. (ECF No. 25, at 13.) Having conducted a de novo review of Magistrate Judge Stormes's legal conclusions, the Court finds that the R&R provides a correct and cogent analysis of the timeliness of Petitioner's federal habeas petition. Accordingly, the Court ADOPTS the R&R and therefore GRANTS Respondent's motion to dismiss.

## IV. CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1.  Petitioner's Motion to File Supplemental Evidence, (ECF No. 27), is **DENIED**;

2.  Petitioner's Motion for Injunctive Relief, (ECF No. 24), is **DENIED**;

3.  Petitioner's Objections to the R&R, (ECF No. 26), are **OVERRULED**;

4.  Magistrate Judge Stormes's Report and Recommendation, (ECF No. 25), is **ADOPTED**; and

5.  Respondent's Motion to Dismiss, (ECF No. 7), is **GRANTED**.

IT IS SO ORDERED.

DATED:  September 1, 2015

HON. GONZALO P. CURIEL
United States District Judge